### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

ASHTON CAUSEY                        DOCKET NO. 2:25-CV-00379
    REG. # 11931-510                        SECTION P

VERSUS                               JUDGE JAMES D. CAIN, JR.


WARDEN FCI OAKDALE                   MAGISTRATE JUDGE LEBLANC

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Ashton Causey ("Causey") on May 24, 2025. Doc. 1. Causey is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND

Causey filed the instant Petition for Writ of Habeas Corpus challenging the BOP's interpretation and application of earned time credits (ETC) under the First Step Act.

On January 19, 2024, Petitioner pled guilty to one count of illegal possession of a machine gun in violation of 18 U.S.C. § 922(o) [Count 1], one count of possession with the intent to distribute Marijuana, a Schedule I controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) [Count 3], one count of possession with the intent to distribute Fentanyl, a Schedule II controlled substance and Marijuana, a Schedule I controlled substance in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D) [Count 4], one count of felon in possession of firearms and ammunition and aiding and abetting in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 18:2 [Count 5], one count of possession with intent to distribute Fentanyl, a Schedule II controlled substance and Marijuana, a Schedule I controlled substance and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), and 18:2 [Count 7], and one count of possession of firearms in furtherance of a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. § 924(c)(1)(A) and 18:2 [Count 8]. *See U.S. v. Causey*, 22-CR-147 (E.D. La., May 7, 2024.), doc. 135, p. 1. On May 7, 2024, he was sentenced to 120 months as to each of Counts 1 and 5; 60 months as to Count 3; 150 months as to each of Counts 4 and 7; and 60 months as to Count 8. The terms imposed on Counts 1, 3, 4, 5, and 7 are to be served concurrently to one another, and the term imposed on Count 8 is to be served consecutively to the terms imposed on Counts 1, 3, 4, 5, and 7. This sentence is to run concurrent with a sentence imposed in the 24th Judicial District Court, Jefferson Parish, Louisiana, under Docket. #19-02127. *Id*. at p. 2.

Causey alleges that he sought to have the BOP apply FSA credits, but his requests were denied as he was ineligible because of his § 924(c) conviction. Doc. 1, p. 1. Causey argues that "in light of the Supreme Court's decision in *Loper*, departmental regulations and agency rulings are no longer entitled to any judicial deference to the extent they contravene the unambiguously expressed intent of Congress." Doc. 1, p. 1. Petitioner has not yet completed his sentence on the FSA-disqualified charge but is preemptively asking the Court to order the BOP to classify the second portion of his sentence as FSA eligible (doc. 4, p. 7).

## II.
## LAW & ANALYSIS

### A.  *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B.  *Law and Application*

Petitioner is ineligible to earn FSA time credits because he is serving a sentence for a disqualifying offense. The FSA allows prisoners to earn credits towards prerelease custody (placement in home confinement or a residential re-entry center) or supervised release for successfully participating in EBRR programming and PAs. See 18 U.S.C. § 3632(d)(4). Not all prisoners, however, may earn FSA time credits. *See id.* § 3632(d)(4)(A) ("A prisoner, except for an ineligible prisoner under subparagraph (D), . . . shall earn time credits . . . ." (Emphasis added)). A prisoner "is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction under" a list of enumerated offenses. *Id.* § 3632(d)(4)(D). Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c), is one such disqualifying

offense. *Newsome v. Rivers*, No. 3:23-cv-1322023 U.S. Dist. LEXIS 201767, at *2 (Oct. 13, 2023 N.D. Tex.) (citing 18 U.S.C. § 3632(d)(4)(D)(xxii)).

When determining whether a prisoner with multiple convictions, not all of them disqualifying, is eligible to earn time credits under the FSA, the BOP considers each conviction resulting in a term of imprisonment under 18 U.S.C. § 3584(c). "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *Id*. Accordingly, in deciding a prisoner's eligibility for FSA time credit, the BOP must evaluate all of a prisoner's sentences. *Martinez v. Rosalez*, No. 1:22-CV-1297-LY-DH, 2023 U.S. Dist. LEXIS 63578, 2023 WL 2904579, at *4 (W.D. Tex. Apr. 10, 2023), R. & R. adopted, 2023 U.S. Dist. LEXIS 83519, 2023 WL 3441566 (W.D. Tex. May 12, 2023), appeal docketed, No. 23-50406 (5th Cir. May 30, 2023). More simply put, "[i]f a prisoner is serving multiple, consecutive sentences, and one such offense is among the FSA's enumerated disqualifying offenses . . . then the prisoner is ineligible to earn FSA time credits." *Id*.; *see also Norman v. Carr*, No. 4:21-CV-586-P, 2021 U.S. Dist. LEXIS 211294, 2021 WL 5086561, at *4 (N.D. Tex. Nov. 2, 2021) ("BOP was required to aggregate [the] [p]etitioner's multiple sentences under § 3584(c) and correctly computed her sentence in compliance with BOP policy."); *Sok v. Eischen*, No. 22-CV-458 (ECT/LIB), 2022 U.S. Dist. LEXIS 212513, 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022), R. & R. adopted, No. 22-CR-458 (ECT/LIB), 2022 U.S. Dist. LEXIS 212182, 2022 WL 17128929 (D. Minn. Nov. 22, 2022) (finding the petitioner ineligible to earn time credits under the FSA as his "aggregate sentence include[ed] a sentence predicated on" a disqualifying offense); *Goodman v. Sage*, 2022 U.S. Dist. LEXIS 233946, 2022 WL 18028148, at *3 (M.D. Pa. Dec. 30, 2022) (same).

Following this line of cases, and the United States Fifth Circuit Court of Appeals' recent decision in *Martinez v. Rosalez*, 2024 U.S. App. LEXIS 914 (5th Cir. 2024), this Court finds Causey is ineligible for earned time credits under the FSA because of his disqualifying § 924(c) offense. *See also Newsome v. Rivers*, 2023 U.S. Dist. LEXIS 201676 (N.D. Tex. Oct. 13, 2023). Relying on § 3584(c), the BOP properly considers consecutive terms of imprisonment as one aggregate term of imprisonment for administrative purposes, including calculation of FSA time credits. *See Martinez, supra; see also Sok v. Eischen*, No. 23-1025, 2023 U.S. App. LEXIS 21463, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) (affirming denial of § 2241 petition because "the BOP correctly treated [the petitioner's] prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits"); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 U.S. App. LEXIS 18026, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) (same). Accordingly, Causey's disqualifying term of imprisonment for violating § 924(c) renders his entire sentence ineligible for FSA time credits.

Causey's argument here that *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024) allows this court to overturn the Bureau of Prisons' decision that he is ineligible is misplaced.  "The disqualifying offense was specified by Congress in the First Step Act and is not the result of Bureau of Prisons' interpretation of an ambiguous statute." *Pacheco-Meija v. Underwood*, 2025 U.S. Dist. LEXIS 109513, *4-5 (W.D. Pa. June 10, 2025).

### III.
#### CONCLUSION

For the reasons stated above, Causey's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 21st day of August, 2025.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE